IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GLORIA RAMIREZ, on behalf of herself and other persons similarly situated,<br>　　　　Plaintiff,<br><br>vs.<br><br>LA PLACITA GALLERIA L.L.C.,<br>G.C.P. TELEPHONE CARDS LLC, and<br>EMILDA BERMUDEZ,<br>　　　　Defendants. | Case No.:<br><br><br>COLLECTIVE ACTION COMPLAINT<br>JURY TRIAL DEMANDED |

Plaintiff Gloria Ramirez, through her attorneys Roberto Luis Costales, William H. Beaumont, and Emily A. Westermeier, files this Collective Action Complaint against Defendants La Placita Galleria L.L.C, G.C.P. Telephone Cards LLC, and Emilda Bermudez.

**NATURE OF THE ACTION**

1. This is an action by Gloria Ramirez ("Plaintiff") on behalf of herself and all others similarly situated to recover unpaid overtime wages. Plaintiff was employed as a store clerk by Defendants La Placita Galleria L.L.C., G.C.P. Telephone Cards LLC, and Emilda Bermudez ("Defendants"). While working for the Defendants, Plaintiff was not paid one-and-a-half times her regular hourly rate for all hours worked in excess of forty hours a workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207.

2. Plaintiff seeks to recover from Defendants unpaid wages, interest, liquidated damages, and attorneys' fees and costs on behalf of herself and other similarly situated employees who worked for Defendants during the past three years. 29 U.S.C. § 216(b). Plaintiff also brings this action to obtain declaratory and injunctive relief. *Id.*

COLLECTIVE ACTION COMPLAINT - 1

## JURISDICTION

3. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331.

## VENUE

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) in that all Plaintiff's claims herein alleged arose within the Eastern District of Louisiana.

## PARTIES

### Plaintiff Gloria Ramirez

5. Plaintiff is a resident of Louisiana.

6. Plaintiff was hired by Defendants in approximately September 2015 and worked for Defendants until approximately July 2017.

7. Plaintiff worked as a store clerk. In connection therewith Plaintiff stocked shelves, cleaned the store, unloaded delivery trucks, prepared food, and provided money transfer services to customers.

8. Defendants paid Plaintiff $8.00 per hour for the first six months of her employment; $8.50 per hour for the next six months of her employment; $9.00 per hour for the next six months of her employment; and finally $9.50 per hour for the remainder of her employment. For every hour that she worked in excess of forty in any particular week she was still only paid her regular hourly rate.

9. At all relevant times, Plaintiff was an "employee" of the Defendants as that term is defined in the FLSA, 29 U.S.C. § 203(e).

### Defendants La Placita Galleria L.L.C. and G.C.P. Telephone Cards LLC

10. Defendant La Placita Galleria L.L.C is a limited liability company organized under the laws of Louisiana with its principal place of business in Kenner, Louisiana. Defendant

COLLECTIVE ACTION COMPLAINT - 2

G.C.P. Telephone Cards LLC is a limited liability company organized under the laws of Louisiana with its principal place of business in Kenner, Louisiana. Both companies operate grocery stores specializing in products from Latin America, are under common control by Defendant Emilda Bermudez, and are operated for a common business purpose. Defendants La Placita Galleria L.L.C. and G.C.P Telephone Cards LLC are a single enterprise pursuant to 29 U.S.C. § 203(r)(1) and will be referred to collectively as "La Placita."

11. La Placita owns and operates two retail stores in Kenner, Louisiana that specialize in selling products from Latin America and also offer international money transfer services.

12. La Placita supervised the day to day work activities of Plaintiff.

13. La Placita determined Plaintiff's work schedule for the employment at issue herein.

14. La Placita maintained an employment file for Plaintiff, including a record of all hours and dates worked by Plaintiff.

15. La Placita is an "enterprise" as that term is defined by the FLSA, 29 U.S.C. § 203(r)(1) and it is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

16. La Placita is an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. § 203(s)(1).

### Defendant Emilda Bermudez

17. Defendant Emilda Bermudez is the owner and manager of Defendants La Placita Galleria L.L.C. and G.C.P Telephone Cards LLC.

18. At all pertinent times herein Defendant Emilda Bermudez had the authority to hire and fire La Placita employees, including the Plaintiff herein.

19. At all pertinent times herein Defendant Emilda Bermudez maintained executive authority over the jobs La Placita employees were provided, including the location, duration, and rate-of-pay for those jobs.

## FACTUAL ALLEGATIONS

20. Defendants own and operate two Latin markets in Kenner, Louisiana. Defendants specialize in retailing fresh produce and products from Mexico, Honduras, Guatemala, and Nicaragua. Defendants jointly employ at least five other store clerks at each store location.

21. Plaintiff worked as a store clerk. As part of her duties, Plaintiff would assist customers in sending money internationally through various money transfer companies. At times, Plaintiff would earn a commission based on the amount of money she transferred.

22. Plaintiff normally worked more than 40 hours a week for Defendants. Defendants often required Plaintiff to work at least six days per week. On average, Plaintiff would work 45 hours per week.

23. Plaintiff was paid with cash.

24. Defendants never paid Plaintiff one-and-half times her hourly rate for all hours worked in excess of forty in a workweek. Defendants also never included any commission payments in the calculation of Plaintiff's regular rate.

25. Defendants willfully violated Plaintiff's rights under the FLSA because Defendants knew or showed reckless disregard for the fact that their compensation practices violated the FLSA. Defendants are and were aware of the custom and practice of overtime pay from their experience and expertise in the industry in which they work.

## COUNT I
## Fair Labor Standards Act Violations – FLSA Class Claims

26. Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

27. Plaintiff brings the claims set forth in Count I, alleging violations of the FLSA, as a putative collective action on behalf of herself and an "FLSA Class," consisting of all current and former employees of Defendants who are or have been employed by Defendants during the three years immediately preceding the filing of this suit as hourly or non-exempt employees and who, during that period, worked in excess of forty hours in any work week and failed to receive premium pay, at the rate of one-and-a-half times their regular rate of pay, for all hours worked in excess of forty in a workweek.

28. Defendants willfully violated the overtime provisions of the FLSA, 29 U.S.C. § 207(a) by not paying Plaintiff and other similarly situated employees one-and-a-half times their regular rate for all hours worked in excess of forty in a workweek from at least August 2014 and continuing until the present.

29. As a consequence of Defendants' FLSA violations, Plaintiff and other similarly situated employees are entitled to recover their unpaid overtime wages, plus an additional amount in liquidated damages, pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

Plaintiff asks the court to enter judgment in her favor against Defendants and issue an order:

a. Certifying this case as a collective action under 29 U.S.C. § 216(b) and ordering that notice of the lawsuit be issued in an effective manner to the FLSA Overtime Class so that similarly situated employees may promptly file consent forms and join this action, 29 U.S.C. § 216(b);

b.  Entering judgment in the amount of all unpaid overtime wages due and owing to the Plaintiffs as well as all applicable liquidated damages;

c.  Declaring that Defendants' conduct violated the FLSA;

d.  Enjoining Defendants from violating the FLSA's overtime and minimum wage provisions;

e.  Awarding Plaintiff her reasonable attorneys' fees and costs of this action;

f.  Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

g.  Awarding such other general and equitable relief as this Court deems equitable and just.

## JURY DEMAND

Plaintiff demands trial by jury on all issues for which a jury trial is allowed.

September 19, 2017

*Respectfully submitted:*

*/s/ Emily A. Westermeier*
BEAUMONT COSTALES LLC
Roberto Luis Costales (#33696)
William H. Beaumont (#33005)
Emily A. Westermeier (#36294)
3801 Canal Street, Suite 207
New Orleans, LA 70119
Telephone: (504) 534-5005
*eaw@beaumontcostales.com*

*One of Plaintiff's Attorneys*

COLLECTIVE ACTION COMPLAINT - 6